Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| GREGORIO MEJÍAS VELÁZQUEZ Y OTROS<br>Parte Peticionaria<br><br>v.<br><br>JOSÉ A. CRUZ RIVERA Y OTROS<br>Parte Recurrida | KLCE202401265 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: LP2022CV00041<br><br>Sobre: Desahucio en Precario, Cobro de Dinero-Ordinario |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de febrero de 2025.

Comparece el señor Gregorio Mejías Velázquez, su esposa Rosa María Cuadrado Nieves y la sociedad legal de gananciales compuesta por ambos (en adelante, matrimonio Mejías-Cuadrado), mediante recurso instado el 21 de noviembre de 2024. Solicitan que revisemos la *Resolución* emitida el 22 de octubre de 2024, y notificada el 24 de octubre de 2024, por el Tribunal de Primera Instancia (en adelante, TPI), Sala Superior de Humacao. Mediante el referido dictamen, el TPI denegó la moción de sentencia sumaria promovida por el matrimonio Mejías-Cuadrado, al concluir que existen controversias sobre hechos medulares del caso que deben dilucidarse en un juicio en su fondo, y no mediante el mecanismo de sentencia sumaria.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5), resolvemos denegar la expedición del auto de *certiorari*, sin trámite ulterior.

Número Identificador

RES2025_____

**I.**

El 17 de marzo de 2022, el matrimonio Mejías-Cuadrado incoó la demanda de epígrafe, sobre desahucio en precario y cobro de dinero, contra el señor José A. Cruz Rivera (en adelante, Sr. Cruz Rivera). En síntesis, el matrimonio Mejías-Cuadrado indicó ser dueño de una propiedad inmueble de uso comercial sobre la cual el señor Gregorio Mejías Velázquez (en adelante, Sr. Mejías Velázquez) suscribió, con el Sr. Cruz Rivera, un contrato de arrendamiento y opción de compraventa. Según las alegaciones, en dicho contrato se pactó la compraventa de la propiedad por el precio de $700,000.00. El Sr. Cruz Rivera entregó al propietario un depósito de buena fe por la cantidad de $15,000.00, el cual sería acreditado en su totalidad al precio de venta a la fecha de la firma de la correspondiente escritura. Según el contrato, la transacción estaría sujeta a que el Sr. Cruz Rivera obtuviera el financiamiento.

El contrato dispone que, para viabilizar la transacción, el Sr. Mejías Velázquez cedería al Sr. Cruz Rivera el uso y disfrute de la propiedad, en concepto de arrendamiento, por el término de tres (3) años, comenzando el 27 de agosto de 2018, mediante el pago de un canon mensual de $3,000.00, durante la vigencia del contrato y hasta la firma de la escritura de compraventa. No se requirió el pago de fianza. El contrato dispuso, además, que el 50% del canon de arrendamiento mensual sería aplicable al precio de venta pactado, del arrendatario comprar en los primeros tres (3) años. Se acordó, que, luego de transcurridos los primeros tres (3) años sin que se hubiese ejercido la opción de compraventa, las partes podrían renegociar el precio de venta pactado.

El matrimonio Mejías-Cuadrado expuso en la demanda que, habiendo transcurrido los tres (3) años concedidos al Sr. Cruz Rivera sin que éste ejerciera la opción de compra acordada, propuso renegociar los términos del arrendamiento y la opción de compra,

según lo permite el contrato, pero el arrendatario se negó. Así, el matrimonio expuso que la obligación del Sr. Mejías Velázquez -como dueño y arrendador del inmueble- de vender al Sr. Cruz Rivera expiró el 27 de noviembre de 2021, al vencer el término de tres (3) años sin que éste ejerciera la opción de compraventa y dada su falta de interés en renegociar el contrato. Manifestó que, en varias ocasiones, le solicitó al Sr. Cruz Rivera el desalojo de la propiedad, pero éste se rehusaba a abandonar el edificio. Se alegó también que el arrendatario había incumplido con su obligación de pago de los cánones de arrendamiento pactados. En virtud de las anteriores alegaciones, el matrimonio Mejías-Cuadrado solicitó al tribunal que ordenara el desalojo del Sr. Cruz Rivera y el pago de los cánones de arrendamiento adeudados. La demanda se acompañó con copia del contrato de arrendamiento y opción de compraventa, y las comunicaciones escritas entre las representaciones legales de las partes relacionadas con la transacción.

El Sr. Cruz Rivera contestó la demanda el 30 de mayo de 2022. Arguyó que el arrendamiento continúa vigente por tácita reconducción. A su vez, solicitó la devolución de la suma pagada por concepto de opción y de ciertas mejoras que presuntamente realizó en el inmueble.

El 24 de agosto de 2022, el TPI ordenó la conversión de la causa de acción sobre desahucio sumario a uno ordinario.

Así las cosas, el 14 de septiembre de 2022, el matrimonio Mejías-Cuadrado presentó una *Moción solicitando sentencia sumaria.* En ella, enumeró los hechos que, a su entender, reflejaban que no existía controversia en cuanto a que el contrato de arrendamiento y opción de compra expiró, sin que el arrendatario ejerciera su derecho de opción o que se hubiera extendido o renovado el contrato. Siendo así, planteó que el Sr. Cruz Rivera no tenía derecho a ocupar el inmueble, así como tampoco a que se le

rembolsara el dinero de la opción. Por lo anterior, el matrimonio Mejías-Cuadrado solicitó que se dictara sentencia sumaria a su favor, y que se decretara el desalojo y entrega del inmueble.

Luego de varios trámites procesales, el 16 de octubre de 2023, el Sr. Cruz Rivera presentó su moción en oposición a la solicitud de sentencia sumaria. Para controvertir los hechos materiales consignados en la moción de sentencia sumaria, adujo que el contrato se extendió mediante tácita reconducción, pues el Sr. Mejías Velázquez aceptó los cánones de arrendamiento, incluso después de presentar la demanda que inició este pleito el 17 de marzo de 2022. Al respecto, mencionó que el representante legal de la parte demandante había manifestado que los cánones de arrendamiento estaban satisfechos hasta el mes de mayo de 2022.[1] El Sr. Cruz Rivera adujo que, al presente, continúa depositando el canon de renta convenido de $3,000.00.

El Sr. Cruz Rivera también apuntó en su escrito en oposición que el Sr. Mejías Velázquez era el único responsable de que no se otorgara la escritura de compraventa dentro del término acordado, o de que las partes llegaran a algún otro acuerdo, al éste esconderse o evadir todo tipo de contacto personal y/o por la vía telefónica y/o a través de mensajes con el corredor de bienes raíces. A su vez, el Sr. Cruz Rivera mencionó que el contrato contenía una cláusula referente a la justa causa para devolver el dinero de la opción en la eventualidad de que no se realizara la compraventa de la propiedad comercial[2] y, afirmó que las circunstancias descritas justificaban la

---

[1] Véase, *Minuta* de la vista del 31 de mayo de 2022, apéndice del recurso, pág. 24.
[2] El Sr. Cruz Rivera no especificó la cláusula a la que hizo alusión en su escrito en oposición, pero entendemos que se trata de la cláusula número 8 del contrato, que expresa lo siguiente:

> 8. Si el ARRENDATARIO no cumple el presente contrato y decide no adquirir la propiedad sin mediar justa causa, perderá la totalidad del depósito y toda mejora permanente debidamente autorizada quedaría para beneficio del ARRENDAD[O]R sin necesidad de compensación alguna al ARRENDATARIO por el costo o valor de las mismas. Por el contrario, si el ARRENDADOR por cualquier motivo no vende a la parte compradora la propiedad al vencimiento del contrato, sin mediar justa causa, deberá devolver

devolución del dinero de la opción de compraventa, así como de las mejoras que realizó al inmueble, las cuales valoró en exceso de $100,000.00. Añadió que no existía cláusula alguna en el contrato de opción de compraventa que estableciera que, de no adquirirse la propiedad, la suma de $15,000.00 sería retenida por el Sr. Mejías Velázquez o el corredor de bienes raíces. Por último, solicitó el cumplimiento específico con la compraventa en los términos acordados en el contrato de opción. Para sustentar su escrito en oposición a la solicitud de sentencia sumaria, el Sr. Cruz Rivera transcribió las partes relevantes de las deposiciones tomadas al Sr. Mejías Velázquez, al corredor de bienes raíces involucrado en la transacción, Sr. José Arnaldo Batista Carriles, y la declaración jurada que el demandado suscribió el 16 de octubre de 2023.

Evaluados los escritos, el 22 de octubre de 2024, el TPI dictó la *Resolución* recurrida. En específico, el tribunal enumeró las siguientes determinaciones de hechos no controvertidos:

> 1. La parte demandante es dueña en pleno dominio de una propiedad inmueble de uso comercial, localizada en la Carretera 198, Km. 20.6 Barrio Arenas de Montones, Las Piedras, Puerto Rico.
>
> 2. Gregorio Mejías Velázquez y el demandado, José A. Cruz Rivera, suscribieron un Contrato de Arrendamiento y Opción de Compraventa sobre la propiedad antes descrita.
>
> 3. En el contrato se pactó una opción de compra por la suma de $700,000.00, con un depósito de $15,000.00 efectuado por el arrendatario-demandado.
>
> 4. El referido pago de la opción sería acreditado al precio de compraventa.
>
> 5. La parte demandante admitió que los cánones de renta están satisfechos hasta el 31 de mayo de 2022.
>
> 6. La parte demandada continúa pagando el canon de renta acordado entre las partes de mes a mes.
>
> 7. La parte demandada hizo entrega de $15,000.00 en concepto de opción de compra a través de un corredor de bienes raíces.

---

la totalidad del depósito al ARRENDATARIO y compensar las mejoras permanentes realizadas.
Véase, contrato de arrendamiento y opción de compraventa, apéndice del recurso, págs. 54-58, a la pág. 56.

8. La parte demandada realizó mejoras a la propiedad objeto del presente litigio.

Asimismo, el TPI delimitó varias controversias de hechos materiales que ameritaban ser dirimidas en un juicio en su fondo, las cuales transcribimos a continuación:

(...). En primer lugar, existe controversia en cuanto a la causa última del incumplimiento del contrato en cuestión. La parte demandante argumenta que el contrato de arrendamiento y opción de compra expiró sin que se ejercitara por parte de la parte demandada, a pesar de la notificación dirigida a la parte demandada apercibiéndole de las consecuencias de no ejercer su opción de compraventa en el tiempo acordado. Fundamenta que el arrendatario-demandado perdió el dinero de la opción y, asimismo, no existe un contrato vigente que le conceda al arrendatario-demandado el derecho de poseer el inmueble. Sobre las alegaciones de la parte demandante, aduce el demandado que se encontraba preparado para firmar la escritura de compraventa y/o llegar [a] algún otro acuerdo con la parte demandante, pero dicha parte se escondía y evadía todo tipo de contacto personal y/o por la vía telefónica y/o a través de mensajes con el corredor de bienes raíces.

Como se puede observar, resulta determinante en este caso comprobar si la alegada falta de comunicación por parte de la parte demandante fue el hecho último que causó que la parte demandada no pudiera ejercer y cumplir con la Opción de Compraventa en el término acordado en el contrato en cuestión sobre la propiedad objeto del presente litigio; o si, por el contrario, la parte demandada dejó transcurrir el término y/o se negó a ejercer tal Opción de Compraventa, a pesar de las misivas y comunicaciones tramitadas por la parte demandante.

Además, existe controversia respecto al contenido y alcance del contrato, esto es, si conforme al mismo y las circunstancias acontecidas procede o no la devolución de los $15,000.00 entregados por la parte demandada como depósito para la opción de compra. De igual forma, existe controversia respecto al asunto relacionado con las mejoras realizadas por la parte demandante, a saber, si dichas mejoras fueron o no con la anuencia de la parte demandante; el monto de las mejoras realizadas y el derecho de recobro de la parte demandada sobre éstas.

Así, ante la existencia de controversias sobre los hechos medulares del caso, el TPI concluyó que resultaba inapropiado utilizar el mecanismo de sentencia sumaria para disponer del pleito.

En desacuerdo con dicha determinación, el 21 de noviembre de 2024, el matrimonio Mejías-Cuadrado acudió ante este Tribunal y apuntó los siguientes señalamientos de error:

Primer error: El Honorable Tribunal de Primera Instancia cometió grave error de derecho en la aplicación de las disposiciones de las Reglas 36.3 y 36.4 de Procedimiento Civil en torno a la consideración de mociones a favor y en

contra de una solicitud de sentencia sumaria[,] particularmente en la consideración de los requisitos de forma y contenido de los escritos de las partes y la obligación de la inclusión de prueba documental en torno a los hechos materiales propuestos por las partes.

Segundo error: El Tribunal de Primera Instancia cometió grave error de derecho en determinar como un hecho sustancial no controvertido que el demandante "admitió que los cánones de renta están satisfechos hasta el 31 de mayo de 2022".

Tercer error: El Honorable Tribunal de Primera Instancia cometió grave error de derecho al determinar como un hecho material no controvertido que el precio de la opción de compra fue efectuado a través de un corredor de bienes raíces[,] a pesar de que ninguna de las partes [h]a presentado prueba documental que demuestre tal intervención de un corredor de bienes raíces o que el hecho constituya un hecho material.

Cuarto error: El Honorable Tribunal de Primera Instancia cometió grave error de derecho al determinar como un hecho material no controvertido que la parte demandada realizó mejoras a la propiedad[,] a pesar de que ninguna de las partes ha presentado prueba documental que así lo demuestre o que tal hecho, de haber ocurrido[,] sea un hecho material en la resolución de la moción de sentencia sumaria.

Quinto error: El Honorable Tribunal de Primera Instancia cometió grave error de derecho en la aplicación de la Regla 36.4 de Procedimiento Civil en cuanto a sus determinaciones sobre la existencia de controversias sobre hechos materiales[,] esenciales y pertinentes que conforme a su errado juicio le impedían adjudicar la sentencia sumaria a favor de la parte demandante promovente de la moción.

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[3]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.[4] Ésta dispone que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o

---

[3] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[4] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019).

resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[5]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[6] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B.**

El mecanismo de sentencia sumaria, regulado por la Regla 36 de Procedimiento Civil[7] permite al tribunal disponer de un caso sin celebrar vista en su fondo.[8]

La Regla 36.1 de Procedimiento Civil[9], establece que una moción de sentencia sumaria debe estar fundada en declaraciones juradas, o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes.[10] Por tanto, el Tribunal podrá dictar sentencia sumaria si de las alegaciones, deposiciones, contestaciones, interrogatorios y admisiones ofrecidas, junto a las declaraciones juradas, si las hubiere, surge que no exista ninguna controversia real sobre los

---

[5] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).

[6] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

[7] 32 LPRA Ap. V, R. 36.

[8] *SLG Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310, 334 (2021); *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020); *Abrams Rivera v. E.L.A.,* 178 DPR 914, 932 (2010); *Nieves Díaz v. González Massas,* 178 DPR 820, 847 (2010); *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010).

[9] 32 LPRA Ap. V, R. 36.1.

[10] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, pág. 335; *Rodríguez García v. UCA,* 200 DPR 929, 940 (2018).

hechos materiales y esenciales del caso y solo resta por resolver una controversia de estricto derecho.[11]

En otro extremo, la sentencia sumaria resulta improcedente cuando: (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho, no proceda.[12]

La parte promovida tiene el deber de refutar los hechos alegados, con prueba que controvierta la exposición de la parte que solicita la sentencia sumaria.[13] En este sentido, la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación. Dicha parte está obligada a controvertir la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente en su solicitud, ya que, de no hacerlo, corre el riesgo de que se dicte sentencia sumaria en su contra, de proceder en derecho.[14]

Sin embargo, el hecho de que la otra parte no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica necesariamente que dicha moción procederá automáticamente si realmente existe una controversia sustancial sobre hechos esenciales y materiales.[15]

Asimismo, toda inferencia que se haga de los hechos incontrovertidos debe hacerse de la manera más favorable a la parte

---

[11] 32 LPRA Ap. V, R. 36.3(e); *León Torres v. Rivera Lebrón,* supra; *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013); *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión*, supra, pág. 214; *González Aristud v. Hosp. Pavía*, 168 DPR 127, 137-138 (2006).
[12] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, págs. 335-336; *Mejías et al. v. Carrasquillo et al.*, supra, pág. 299; *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714 (1986).
[13] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, pág. 336; *León Torres v. Rivera Lebrón,* supra, pág. 44; *Ramos Pérez v. Univisión*, supra, pág. 215.
[14] *León Torres v. Rivera Lebrón,* supra, pág. 43.
[15] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, pág. 337.

que se opone a la misma.[16] A tono con este principio, el Tribunal Supremo ha indicado que, "[a]l considerar la moción de sentencia sumaria se tendrán como ciertos los hechos no controvertidos que consten en los documentos y las declaraciones juradas ofrecidas por la parte promovente."[17]

En el caso de un foro apelativo, este debe utilizar los mismos criterios que el tribunal sentenciador al determinar si procede dictar sentencia sumaria, sin embargo: (1) sólo puede considerar los documentos que se presentaron ante el foro de primera instancia; y (2) sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y si el derecho se aplicó de forma correcta.[18]

Así pues, por estar en la misma posición que el foro primario al momento de revisar las solicitudes de sentencia sumaria, el Tribunal Supremo de Puerto Rico estableció un estándar específico, que, como foro apelativo, debemos utilizar. A tales efectos, en *Meléndez González, et al. v. M. Cuebas[19]*, indicó que, de entrada, debemos revisar que tanto la moción de sentencia sumaria, así como su oposición, cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil.[20] Subsecuentemente, si existen hechos materiales controvertidos, "el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos".[21] Por el contrario, si encontramos que los hechos materiales del caso son incontrovertidos, debemos revisar *de novo* si el foro primario aplicó

---

[16] *Mejías et al. v. Carrasquillo et al.*, supra, pág. 300; *Corp. Presiding Bishop CJC of LDS v. Purcell,* supra, pág. 721.
[17] *Piñero v. A.A.A.*, 146 DPR 890, 904 (1998).
[18] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, págs. 337-338; *Const. José Carro v. Mun. Dorado,* 186 DPR 113, 129 (2012).
[19] 193 DPR 100 (2015).
[20] *Íd.*, pág. 118.
[21] *Íd.*, pág. 119.

correctamente la norma jurídica aplicable a la controversia que tuvo ante sí.[22]

El mecanismo de sentencia sumaria es un remedio discrecional que procederá solo cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos, que no existen controversias sobre hechos materiales y esenciales, y que, por lo tanto, lo que resta es aplicar el derecho, ya que una vista en los méritos resultaría innecesaria.[23]

Hay que señalar que una sentencia sumaria, por constituir una decisión en los méritos es el precedente de cosa juzgada[24] cuando se opone entre partes debidamente relacionadas.[25] Por ello, se ha advertido que, antes de resolver una controversia por la vía sumaria, el juzgador habrá de discernir cuidadosamente al respecto, pues "mal utilizada, puede prestarse para despojar a un litigante de su 'día en corte', principio elemental del debido proceso de ley"[26].

De otra parte, el Tribunal Supremo ha señalado que no es aconsejable dictar sentencia sumaria en casos cuyas controversias versan esencialmente sobre asuntos de credibilidad o involucren aspectos subjetivos, como lo es la intención, los propósitos mentales o la negligencia.[27] Sin embargo, también se ha dicho que ello no impide la utilización del mecanismo de sentencia sumaria en las reclamaciones que requieran elementos subjetivos o de intención cuando de los documentos que serán considerados en la solicitud

---

[22] *Íd.*

[23] *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004). Véase, además, *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Pérez Vargas v. Office Depot*, 203 DPR 687, 699 (2019).

[24] El efecto de la aplicación de la doctrina de cosa juzgada es que la sentencia emitida en un pleito anterior impide que se litiguen posteriormente, entre las mismas partes y sobre las mismas causas de acción y cosas, las controversias ya litigadas y adjudicadas, y aquellas que se pudieron haber litigado. *Mun. De San Juan v. Bosque Real, S.E.,* 58 DPR 743, 769 (2003).

[25] *Vera v. Dr. Bravo*, supra, pág. 335.

[26] *González v. Alicea, Dir. Soc. Asist. Legal,* 132 DPR 638, 646-647 (1993).

[27] *Aponte Valentín et al. v. Pfizer Pharm.*, 208 DPR 263, 278 (2021).

de sentencia sumaria surja que no existe controversia en cuanto a los hechos materiales.[28]

### III.

Al evaluar la petición de *certiorari* concluimos que, aun cuando el asunto está contemplado en los supuestos sujetos a revisión de la Regla 52.1 de Procedimiento Civil, *supra,* la solicitud no cumple con ninguno de los criterios de la Regla 40 de Reglamento de este Tribunal, *supra,* que justifique nuestra intervención con el dictamen recurrido.

Un examen de la resolución recurrida refleja que el TPI, tras evaluar las mociones presentadas por las partes, solamente consideró aquellos hechos bien alegados y sustentados con prueba, y emitió una lista de hechos incontrovertidos. No obstante, enumeró a aquellos sobre los cuales entiende que existe controversia y determinó que era necesario escuchar los testimonios de las partes y aquilatar su credibilidad antes de realizar una determinación final.

Esto es, el récord no permitía concluir, de forma incontrovertida, que procedía resolver la controversia a favor del matrimonio Mejías-Cuadrado. El contrato y las comunicaciones escritas entre las partes relacionadas con dicho contrato, anejadas a su solicitud de remedio sumario, no establecen con claridad el derecho a la acción de desahucio y cobro de dinero reclamados en la demanda.

Además, de la porción transcrita de la toma de deposición del Sr. Mejías Velázquez se desprende la intervención de corredor de bienes raíces en el contrato en controversia y el reconocimiento del demandante de que el demandado ha realizado ciertas mejoras.[29]

---

[28] *Íd.*

[29] Véase, *Moción en cumplimiento de orden,* apéndice del recurso, a las págs. 89, 91 y 95.

De igual forma, la minuta de la vista celebrada el 31 de mayo de 2022 refleja la admisión respecto a los cánones de renta.[30]

Por otro lado, la alegación sobre el incumplimiento del Sr. Cruz Rivera con los requisitos de forma de la Regla 36.3 de Procedimiento Civil, *supra,* no obligaba al TPI a dictar sentencia sumaria a su favor.

Siendo ello así, y ante las expresiones del TPI sobre la necesidad de escuchar los testimonios de las partes antes de solventar la controversia ante sí, resolvemos que no medió arbitrariedad o error, ni abuso de discreción por parte del TPI en su determinación de denegar la solicitud de sentencia sumaria promovida por el matrimonio Mejías-Cuadrado.

**IV.**

Por lo antes expresado, se deniega la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[30] Nota 1, *supra.*